IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-02844-CMA-MEH

5STAR BANK, a Colorado corporation,

 Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

 Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant American Family Mutual Insurance Company's ("American Family") Motion for Summary Judgment (Doc. # 23) and Plaintiff 5Star Bank's ("5Star") Motion for Summary Judgment (Doc. # 19). Jurisdiction is proper under 28 U.S.C. § 1332 (diversity jurisdiction). For the reasons stated below, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied as moot.

**I. BACKGROUND**

American Family issued a builders' risk policy, policy number 05-X74442-10-0009 (the "Policy"), to Fischer Designs, Inc. ("Fischer Designs"), covering real property located at 2855 Straton Forest Heights, Colorado Springs, Colorado (the "Property"). (Doc. ## 23 at 3; 23-1 at 8.) Fischer Designs is the named insured on the policy, and 5Star is named as a loss payee. *Id.*

The Policy provides, in pertinent part, as follows:

**AGREEMENT**

In return for "your" payment for the required premium, "we" provide the coverage described herein subject to all the "terms" of the Builders' Risk Coverage. This coverage is also subject to the "declarations" and additional policy conditions relating to assignment or transfer of rights or duties, cancellation, changes or modifications, inspections, and examinations of books and records.

Endorsements and schedules may also apply. They are identified on the "declarations."

Refer to Definitions for words and phrases that have special meaning. These words and phrases are shown in quotation marks or bold type.

[. . .]

**LOSS PAYMENT**

[. . .]

2. **Your Losses** – "We" adjust all loss with "you." Payment will be made to "you" unless another loss payee is named in the policy.

(Doc. # 23-1 at 52, 56.)

The Policy defines the words "you" and "your" to "mean the persons or organizations named as the insured on the 'declarations'" and the words "we," "us," and "our" to "mean the company providing this coverage." (*Id.* at 52.) "'Declarations' means all pages labeled Declarations, Supplemental Declarations, or Schedules, which pertain to this coverage." *Id.* The parties do not dispute, and the Court agrees, that "we" refers to American Family, and "you" refers to Fischer Designs. (*Id.* at 52, 44.)

The Policy's "Appraisal" and "Loss Payable" provisions state:

**OTHER CONDITIONS**

1. **Appraisal –** If "you" and "we" do not agree on the amount of the loss or the actual cash value of covered property, either party may demand that these amounts be determined by appraisal.

    If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, "you" or "we" can ask a judge of a court of record in the state where the property is located to select an umpire.

    The appraisers will then determine and state separately the amount of each loss.

    The appraisers will also determine the value of covered property items at the time of the loss, if requested.

    If the appraisers submit a written report of any agreement to "us", the amount agreed upon will be the amount of the loss. If the appraisers fail to agree within a reasonable time, they will submit only their differences to the umpire. Written agreement so itemized and signed by any two of these three sets the amount of the loss.

    Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by "you" and "us."

(*Id.* at 56.)

In addition to the policy "terms" contained within the Commercial Inland Marine Coverage(s), the following conditions apply to covered property as indicated on the "declarations" made a part of this endorsement.

**LOSS PAYABLE**

Any loss shall be adjusted with "you" and shall be payable to "you" and the loss payee as described on the "declarations" as "your" and their interests appear.

(*Id.* at 64.)

3

On or about November 6, 2009, while the Policy was in effect, the Property was damaged by fire (the "Loss"). (Doc. # 23 at 3.) The following day, the Loss was reported to American Family on behalf of Fischer Designs. (*Id.* at 5.) American Family then made payments in connection with the Loss to 5Star as the named loss payee on the Policy. (Doc. ## 23 at 5; 22 at 4.)

However, believing that the amount paid was insufficient, 5Star demanded, on or about December 23, 2010, that the amount of the Loss be determined by appraisal according to the Policy's Appraisal provision. (Doc. ## 28 at 7; 23-1 at 56.) American Family responded to 5Star's demand for appraisal on January 3, 2011, stating that "[a]s a [l]oss [p]ayee, [5Star] has no independent rights under the [P]olicy in which to contest the amount of damages . . . ." (Doc. # 28 at 7.) Neither Fischer Designs nor American Family demanded an appraisal with respect to the Loss. (Doc # 23 at 6.) Following American Family's response, 5Star filed this action, seeking a judicial determination that "as a loss payee under the Policy, 5Star is a third-party beneficiary of the Policy . . . , has standing to enforce the Policy directly against [American Family], and is entitled to demand an appraisal concerning the Loss pursuant to the Appraisal [p]rovision." (Doc. # 18 at 7.) Shortly thereafter, 5Star filed a Motion for Summary Judgment. (Doc. # 19.) American Family responded to 5Star's motion on March 16, 2012, and filed its own Motion for Summary Judgment on March 23, 2012. (Doc. ## 22, 23.) On April 2, 2012, 5Star submitted a Reply in Support of its Motion for Summary Judgment, and on April 16, 2012, it responded to American Family's Motion for Summary Judgment.

(Doc. ## 27, 28.) Finally, American Family filed a Reply in Support of its Motion for Summary Judgment on May 3, 2012. (Doc. # 29.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id*. (citing *Anderson*, 477 U.S. at 248). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id*. at 670-71. Once the moving party has established that there are no genuine disputes of material fact, however, the non-moving party cannot rest upon its pleadings to defeat the motion but must instead "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). In applying this standard, the

Court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler*, 144 F.3d at 670 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The Court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

### III. ANALYSIS

The Court will first take up American Family's Motion for Summary Judgment. In its motion, American Family asserts that the Policy's Appraisal provision may not be enforced by 5Star as a mere loss payee. (Doc. # 23 at 2.) For the reasons discussed below, the Court agrees.

Under Colorado law,[1] the interpretation of an insurance policy's language is a question of law. *See Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 340 (Colo. 2004). The Court applies the principles of contract interpretation when interpreting insurance policies and attempts to carry out the parties' intent and reasonable expectations when they drafted the policies. *See Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 819 (Colo. 2004) (citing *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 501 (Colo.

---

[1] In a diversity action, and in the absence of a contractual "choice-of-law" provision, this Court must "apply the substantive law of the forum state, including its choice of law rules." *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009). Under Colorado's choice-of-law rules, "an insurance contract is governed by the law of the state with the most significant relationship to the insurance contract." *Id.* (citing *Fire Ins. Exch. v. Bentley*, 953 P.2d 1297, 1300 (Colo. App. 1998)). The parties do not contest that in this matter, Colorado has the most significant relationship to the insurance contract in dispute; therefore, Colorado law governs this case.

2004)).  Thus, the Court seeks to "give the words in a policy their plain and ordinary meaning, unless the intent of the parties indicates otherwise."  *Id.*; *see also Union Ins. Co. v. Houtz*, 883 P.2d 1057, 1061 (Colo. 1994) (an insurance "policy must be enforced as written, unless there is an ambiguity in the policy language"); *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo. 1999) ("[c]ourts should not rewrite insurance policy provisions that are clear and unambiguous").  In the present case, the pertinent Policy language is clear and unambiguous and, as such, this Court must enforce the Policy as written.

5Star argues, and the Court agrees, that the Policy's Appraisal provision governs the parties' dispute under the Policy.  (Doc. # 28 at 16.)  The Court also agrees with 5Star that the "Appraisal [p]rovision is clear, definite, and certain, and provides a complete method for determining the sums American Family is obligated to pay under the Policy."  (*Id.*)  But the relevant analysis for the disposition of this motion is whether the "clear, definite, and certain" Appraisal provision allows 5Star, in the capacity of a loss payee, to enforce the Appraisal provision.

As noted previously, the Policy's Appraisal provision states that "[i]f 'you' and 'we' do not agree on the amount of the loss or the actual cash value of covered property, either party may demand that these amounts be determined by appraisal."  However, "you" refers only to Fischer Designs, and "we" refers only to American Family.  Notably, loss payees are missing from the parties that are given contractual rights to enforce this provision.  Since the language of the Policy in this provision is clear and unambiguous, the Court is required to enforce the Policy as written.  Accordingly, the Court agrees

with American Family that granting 5Star the right to enforce the Appraisal provision would amount to rewriting the contract to include loss payees in the Appraisal provision.

In granting Defendant's Motion for Summary Judgment, the Court finds it unnecessary, despite briefing by both parties, to decide whether a loss payee is a third party beneficiary to an insurance contract. As briefly explained below, even assuming that a loss payee is, or at least can be, a third party beneficiary to an insurance contract, Plaintiff would still not be entitled to relief here.

To begin with, 5Star cites case law from other states to support its claim that, as a loss payee, it has the right to enforce the entire Policy against American Family. However, at most, these cases only support the conclusion that 5Star, as a third party beneficiary to the Policy, could enforce the part of the Policy applicable to it: in this case, the Loss Payable provision.

For example, 5Star cites *Wunschel v. Transcon. Ins. Co.*, 839 P.2d 64, 70 (Kan. App. 1992), to illustrate "the concept of a loss payee suing on an insurance contract as a third-party." However, in *Wunschel* the court merely held that a loss payee can sue as a third party beneficiary for breach of the loss payee provision itself. *Id.* at 71. The court did not address whether a loss payee could sue on any other provision of the insurance contract including, importantly, a provision to which the loss payee was not a party. As American Family points out, "[a] loss payable clause is designed to protect the interest of a third-party lienholder subject to its language. It stands to reason that a loss payee would have standing to assert a claim against the insurer to enforce the loss payable clause itself." (Doc. # 29 at 5.) Unlike in *Wunschel*, 5Star is not suing on the

Loss Payable provision, the clear and unambiguous terms of which required American Family to pay the Loss proceeds to 5Star, as it has done.

To further its position, 5Star next highlights one line of the court's opinion in *In re Master Mortgage Investment Fund Inc.*, 165 B.R. 453, 455 (Bankr. W.D. Mo. 1993), where the court stated that "[c]ertainly, a loss payee may bring a cause of action against an insurer on the contract of insurance as a third party beneficiary." While this isolated sentence seems to support 5Star's position, viewing it in context of the entire opinion makes clear that the court did not extend third-party rights as far as 5Star suggests. *See id*. In fact, the very next line of the court's opinion states, "third party beneficiaries are bound by the contract terms . . . ." *Id.* at 455. Applying the reasoning of *In re Master Mortgage Investment Fund* to this case, the Policy's clear and unambiguous terms bind the parties, and therefore do not alter the Court's conclusion that 5Star cannot enforce the Appraisal provision.

Nor is the Court persuaded by the remaining cases 5Star cites. The courts in both *General Motors Acceptance Corp. v. Windsor Group, Inc.*, 2 S.W.3d 836 (Mo. Ct. App. 1999), and *DeMay v. Dependable Insurance Co.*, 638 So.2d 96 (Fla. App. 1994), addressed the issue of whether a loss payee, as a third-party beneficiary, has standing to bring a breach of contract claim on an insurance policy. In both cases, however, the insurance company defendant refused to pay the proceeds from a loss to the loss payee, asserting that fraud on behalf of the insured had voided the policy. *See id*. As a result, the loss payee initiated a suit seeking declaratory judgment to determine

its rights as to the insurance policy.  *See id.*  The courts held that a loss payee has **standing** to sue as a third-party beneficiary to an insurance contract.  *See id.*

These holdings are also consistent with *Leasing Service Corp. v. American Motorists Ins. Co.*, 496 So. 2d 847 (Fla. App. 1986), and *Ran Investment, Inc. v. Indiana Insurance Co.*, 379 So.2d 991 (Fla. App. 1980).  In *Leasing Service Corp.*, the loss payee filed suit for breach of contract after the insurance company refused to pay on a loss claim.  496 So.2d at 848.  After the court granted a directed verdict for the defendant, the loss payee appealed.  *Id.* at 849.  The appellate court held, in pertinent part, that as a third-party beneficiary, the loss payee had standing to sue for the proceeds from the loss.  *Id.*  With regard to damages, the appellate court simply stated that the trial court erred by finding that there was insufficient proof.  *Id.* at 849-50.  The Court disagrees with 5Star's assertion that *Leasing Service Corp.* supports the proposition that a loss payee has standing to contest the **amount** of damages.  (Doc. # 28 at 14.)  Although these cases do indicate that a loss payee may have standing to enforce the loss payable provision of an insurance contract, they do not establish that, let alone address whether, a loss payee can step into the shoes of the insured to enforce other contractual provisions that do not reference the loss payee.

In the present case, American Family has not challenged 5Star's standing to sue as a third-party beneficiary, nor has American Family failed to make payment as a result of the Loss.  5Star's contention that as a third-party beneficiary, it is permitted to enforce

a specific provision of the Policy, other than the loss payable provision, is simply not supported by these cases.[2]

Finally, 5Star argues that the Court should recognize the intent of the parties in creating the Policy, thereby allowing 5Star to enforce the Appraisal provision. (*Id.* at 18.) But if the intent of the parties was to provide 5Star, as a loss payee, with the ability to challenge an amount paid from a loss, the parties could have easily accomplished this during contract drafting by listing 5Star as an additional insured, or by making a simple modification to the Policy definitions or to the Appraisal provision.[3] That 5Star is dissatisfied with the terms of the Policy is not a basis upon which to rewrite the Policy's clear and unambiguous language.

Accordingly, under Colorado law, this Court must enforce contractual language that is clear and unambiguous. Having established that the clear and unambiguous language of the Appraisal provision does not include loss payees, and that the Loss Payable provision does not grant 5Star independent rights to contest the amount of a Loss payment, the Court finds that 5Star cannot enforce the Policy's Appraisal provision.

---

[2]  5Star additionally cites to a case where, pursuant to the terms of the contested insurance policy, the loss payee was also listed as a named insured. *Vernon Foodliner, Inc. v. Cent. Mut. Ins. Co.*, 474 A.2d 468, 470 (Conn. App. 1984). However, *Vernon* is irrelevant to this case because 5Star admits it is a loss payee under the Policy and not a named insured. (Doc. # 28 at 4.)

[3]  5Star argues that "[i]f American Family did not intend to confer third-party beneficiary status on 5Star, it easily could have expressed that intent in the Policy." (Doc. # 28 at 18.) The Court views this argument as consistent with, yet immaterial to, its finding that the parties did not intend 5Star to be able to enforce the Appraisal provision. As stated in the text above, even if 5Star was a third party beneficiary to the Policy, that status alone would not be sufficient for 5Star to enforce the Appraisal provision.

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Defendant's Motion for Summary Judgment is GRANTED. Therefore, it is further ORDERED that Plaintiff's Motion for Summary Judgment is DENIED AS MOOT. It is further ORDERED that Defendant shall have its costs by the filing of a Bill of Costs with the Clerk of the Court within fourteen days of the entry of judgment. However, each party shall bear its own attorney's fees.

Accordingly, this case is DISMISSED WITH PREJUDICE.

DATED: September   25  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge